UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CINDY MARTIN on behalf of** | * | **DOCKET NO.:** |
| **DONALD BERTHELOT** | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND** | * | **MAGISTRATE:** |
| **CASUALTY COMPANY** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company, ("State Farm") appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 1441, and hereby removes this matter from the 23rd Judicial District Court for the Parish of St. James Parish, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

1.

Plaintiff filed this lawsuit in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, against State Farm on August 23, 2023. The case was captioned "*Cindy Martin on behalf of Donald Beryhelot v. State Farm Fire and Casualty Company*," Docket 41714, Division A (*See* Exhibit A Petition for Damages, Service Return through La. Secretary of State on August 29, 2023, forwarding of the petition by the Secretary of State to State Farm on August 30, 2023, and receipt of the petition by Corporation Service Company on August 31, 2023, attached hereto and marked for identification as State Farm Exhibit "A").

2.

Plaintiff's lawsuit arises out of damage to the home located at 150 N. Pine Street, Louisiana

70052. (Exh. A Petition at p. 4,5 ¶4-9). Prior to his passing, Plaintiff's father filed an insurance claim with State Farm, his homeowner's insurer, alleging damage to his residence following Hurricane Ida. (*Id*. at p. 5 ¶6-8). The petition asserts that State Farm failed to tender adequate payment for the damage to the Plaintiff's home. (*Id*. at ¶9). Plaintiff alleges that State Farm has engaged in bad faith claims handling as set forth in La. R.S. 22:1973 and/or La. R.S. 22:1892, and State Farm has breached the insurance contract between State Farm and Plaintiff. (*Id.* at p. 5, 6 ¶12, 16, 18).

3.

State Farm removes this action from the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq*.

II.   **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 AND COMPLETE DIVERSITY EXISTS.**

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron*

*Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in the petition and this removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

6.

Plaintiff alleges she has sustained the following damages: property damage, repair and remediation expenses, consequential damages, compensatory damages, recoverable depreciation, penalties under 22:1892 and 22:1973, and attorneys fees. (Exhibit A Petition at p. 6¶18.). On August 1, 2023, 609 BP LLC submitted an estimate for damages to the Insured Property on behalf of the Plaintiff to State Farm. (See Exh. B). The estimate prepared for the Plaintiff details $105,187.80 in damages to the home and $8,801.32 in damages to other structures. (*Id.* at p. 2-9). State Farm has paid $9,166.74 under Coverage A for the dwelling under the claim. Though the Plaintiff does not plead an exact calculation of damages, Plaintiff's estimated structural damages and repair costs from 609 BP LLC estimate supplied to State Farm proves that the amount in controversy clearly exceeds. $75,000. Moreover, the Plaintiff's claim could be even larger when the other damages the Plaintiff claims (penalties and attorneys fees) are considered.

7.

Plaintiff's petition for damages does not offer a binding stipulation or renunciation in the petition that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00. As set forth in *Matherne Family Properties, LLC v. Travelers Ins. Co.,* 09-1051, 2010 WL 762796 (M.D. La. March 4, 2010) (Tyson, J. adopting report and recommendation of Magistrate Judge Noland):

> For a stipulation to be binding and warrant remand to state court, the plaintiff must do more than simply allege that the amount in controversy or the amount of

damages suffered does not exceed $74,999.00. *See, Engstrom,* at *4 (E.D.La.2004), citing *Mangunor v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002) and *Turkish v. St. Paul Fire & Marine Insurance Co.,* 2003 WL 22434222 (E.D.La.2003). The plaintiff must expressly deny that he/she will accept more than $75,000.00 if the state court awards in excess of that amount. *Id.* (plaintiffs' allegations in their state court petition were held to constitute a binding stipulation because they "affirmatively and knowingly waive[d] entitlement to any damages in excess of $74,999 ... after having been advised that their waiver was binding and effective and that under no circumstances could a Louisiana state court award them more"); *Zeno,* at *3 (Plaintiff explicitly stated in the state court petition that the total value in controversy did not exceed $75,000, that neither she nor her counsel "will accept an amount that exceeds $75,000, exclusive of interests and costs," that her recovery "is limited to [an] amount less than $75,000, exclusive of interest and costs," and that she would not amend her petition in the future to seek damages greater than $75,000. The Eastern District found that such allegations were binding and sufficient to prove, to a legal certainty, that the plaintiff would not recover in excess of the federal jurisdictional minimum because, through her allegations, the plaintiff had affirmatively renounced her right to recover in excess of $75,000. The Eastern District specifically noted that such case was not a situation where the plaintiff had only stated in the petition that her damages did not exceed $75,000, without stating whether she would accept more than $75,000 in the event the state court was to award that amount); *In re 1994 Exxon Chemical Fire,* 558 F.3d 378 (5th Cir.2009)(Distinguishing *Engstrom* on the ground that the plaintiffs in *Exxon* "merely alleged that the amount in controversy did not exceed the jurisdictional amount; they did not deny that they would *accept* more than $50,000").

8.

Plaintiff's petition also does not contain an allegation required by La. Code of Civil Procedure Article 893 A. (1) that "[i]f a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that the claim exceeds or is less than the requisite amount is required." Federal Courts within Louisiana have held that a plaintiff's failure to follow La. C.C.P. art. 893 (A) (1)'s mandate is entitled to some consideration although in and of itself is not determinative of the amount in controversy. *Johnson v. Beale*, 18-961 2018 WL 6037526 at *2 (M.D. La. November 16, 2018) (citations omitted); *Joseph v. State Farm Mutual Automobile Co*., 11-122, 2011 WL 2899127 at *2 (E.D.

4

La. July 18, 2011) (Fallon, J.) (citations omitted); *Courville v. State Farm Mutual Automobile Ins. Co.*, 15-cv-01221, 2015 WL 4730124 at *1-2 (W.D. La. August 10, 2015) (Hanna, M.J.) (citations omitted).

9.

While State Farm admits no liability nor any element of damages: (1) given that Plaintiff alleges that State Farm has failed to timely settle their claim; (2) the fact that Plaintiff is asserting claims of bad faith and penalties in addition to mental anguish damages; (3) that Plaintiff provided State Farm with an estimate for repairs over $100,000 for which State Farm has paid $9,166.74 for damage to the dwelling; (4) that Plaintiff is seeking attorney fees in addition to bad faith penalties; and (5) that Plaintiff has not alleged in the petition that damages are below $75,000; these facts set forth in this Notice of Removal demonstrate that the matter in controversy clearly exceeds $75,000. State Farm has met its burden of showing that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

10.

State Farm is a foreign insurance corporation incorporated in the State of Illinois and has its principal place of business in the state of Illinois. State Farm is a citizen of the State of Illinois. Plaintiff is a citizen of the State of Louisiana and resident of St. James Parish. (Exhibit A. p. 4 Preamble).   There is complete diversity between the parties.

11.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00)

DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### III. STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

12.

State Farm was served with the Petition for Damages through its statutory agent for service of process, the Louisiana Secretary of State, on August 29, 2023 (Exhibit A at p. 3, Service of Process Return). The Secretary of State forwarded the Petition to Corporation Service Company by certified mail on August 30, 2023 which was received by Corporation Service Company on August 31, 2023. (*See* Exhibit B, Letter from Secretary of State dated August 30, 2023 a *Id.* at p. 2, Service of Process Return on Louisiana Secretary of State dated August 29, 2023 *Id.* at p. 3, Notice of Service of Process Transmittal form from Corporation Service Company dated August 31, 2023, *Id.* at p. 1) .

"[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E.D. LA. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process).

13.

This Notice of Removal is filed within 30 days of service of the petition on State Farm through its agent for service of process, Corporation Service Company on August 31, 2023.

14.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and a citizens or subjects of a foreign state.

15.

The 23rd Judicial District Court for the Parish of St. James, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

16.

State Farm has filed no previous application for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by State Farm to date, along with service documents and an executed service return are attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon David Ardoin, Preston Hayes, and Ryan Monsour, attorneys for Cindy Martin, and the Clerk of Court for the 23rd Judicial District Court, Parish of St. James, State of Louisiana. No other process, pleadings, or orders have been served upon State Farm.

## IV. CONCLUSION

17.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Eastern District of Louisiana.

18.

State Farm reserves the right to supplement or amend this Notice of Removal.

19.

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

20.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

*/s/ Charles L. Chassaignac, IV*
**CHARLES L. CHASSAIGNAC, IV (#20746)**
**ELEANOR W. WALL (#29695)**
**EMILY S. MORRISON (#18351)**
**LAURA WELCH (#33060)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA  70802
Telephone:  (225) 383-8900
cchassaignac@phjlaw.com
ewall@phjlaw.com
emorrison@phjlaw.com
lwelch@phjlaw.com

*Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 28th day of September, 2023, a copy of the foregoing Notice of Removal has been sent to the following:

**Plaintiff Cindy Martin –** *via email*
*Through counsel of record:*
David Ardoin
Preston Hayes
Ryan Monsour
3850 N. Causeway Blvd., Suite 590
Metairie, Louisiana 70002
Telephone: (504) 356-0110
rpm@amotriallawyers.com
plh@amotriallawyers.com
david@amotriallawyers.com

**Clerk of Court -** *Via Fax-Filing*
St. James Parish Clerk of Court
23rd Judicial District Court
P.O. Box 63
Convent, La. 70723

/s/Charles L. Chassaignac, IV
CHARLES L. CHASSAIGNAC, IV